## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>RICHARD MAHEE | Criminal Case No.<br>1:21-cr-00494-SDG-JSA-1 |

## OPINION AND ORDER

The Court issues this written opinion and order to further explain its oral ruling made during Richard Mahee's sentencing on November 28, 2023, which concluded that Mahee was not entitled to a "zero point offender" downward adjustment under § 4C1.1 of the United States Sentencing Guidelines.

### I.      Legal Issue

Section 4C1.1 of the United States Sentencing Guidelines (USSG or Guidelines) became effective on November 1, 2023. It provides in relevant part:

> (a) ADJUSTMENT.—If the defendant meets **all of the following criteria**:
>
> . . . .
>
> > (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) **and** was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;
>
> decrease the offense level determined under Chapters Two and Three by 2 levels.

1

USSG § 4C1.1 (emphasis added) (the Zero-Point Offender Adjustment). The parties disagreed on whether Mahee was entitled to the Zero-Point Offender Adjustment. The Court concluded that he was not.

## II.   Background

Mahee and nine others were indicted in December 2021 on various charges related to a scheme to improperly obtain loans through the federal Paycheck Protection Program (PPP).[1] On February 8, 2023, Mahee pleaded guilty to conspiracy to commit wire fraud as charged in Count 1 of the indictment.[2] At sentencing, the Court determined, without any objection from the parties, that Mahee was subject to a 4-level aggravating role enhancement under § 3B1.1 of the Guidelines.[3] That Guideline provides for an increase in the offense level if the defendant served as an organizer or leader of criminal activity involving at least five participants (the Aggravating Role Adjustment).

In its sentencing memorandum and during the sentencing hearing, the Government objected to the application of the Zero-Point Offender Adjustment on the basis that Mahee was ineligible for it given the Court's application of the

---

[1]   ECF 1.

[2]   ECF 248.

[3]   ECF 248-1, ¶ 15.a. Although the plea agreement indicates that the parties disputed whether a 4-level enhancement was appropriate, *id.*, Mahee conceded in his sentencing memorandum that it was. ECF 285, at 2, 19.

Aggravating Role Adjustment.[4] Specifically, the Government argued that a defendant could not be eligible for the Zero-Point Offender Adjustment unless he satisfied both elements in § 4C1.1(a)(10)—meaning a defendant who received *either* an Aggravating Role Adjustment *or* was engaged in a continuing criminal enterprise was disqualified.

Mahee advocated for application of the Zero-Point Offender Adjustment notwithstanding the aggravating role finding, contending that the word "and" in USSG § 4C1.1(10) "should be taken literally as it reads," and relying on *United States v. Garcon*, 54 F.4th 1274 (11th Cir. 2022) (en banc).[5] In short, Mahee's argument was that because he was only subject to the Aggravating Role Adjustment and was not engaged in a continuing criminal enterprise (CCE), he was eligible for the reduction.

## III.   Discussion

The Court begins and ends its analysis with the text of § 4C1.1(a), which is unambiguous. A defendant is only entitled to the Zero-Point Offender Adjustment in § 4C1.1(a) if he meets *every* criterion listed in subsections (1) through (10): "If the defendant meets *all* of the following . . . ." USSG § 4C1.1(a) (emphasis added).

---

[4]   ECF 288, at 8, 10–11.

[5]   ECF 289-1 (SEALED), at 2–3. The Court concludes that its discussion of this portion of Mahee's sentencing memorandum need not be sealed in this Order.

Those criteria are described in the negative—identifying things that the defendant cannot have done and that the offense cannot have involved in order for the downward adjustment to apply:

> (1) the defendant *did not* receive any criminal history points from Chapter Four, Part A;
>
> (2) the defendant *did not* receive an adjustment under §3A1.4 (Terrorism);
>
> (3) the defendant *did not* use violence or credible threats of violence in connection with the offense;
>
> (4) the offense *did not* result in death or serious bodily injury;
>
> (5) the instant offense of conviction *is not* a sex offense;
>
> (6) the defendant *did not* personally cause substantial financial hardship;
>
> (7) the defendant *did not* possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (8) the instant offense of conviction *is not* covered by §2H1.1 (Offenses Involving Individual Rights);
>
> (9) the defendant *did not* receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
>
> (10) the defendant *did not* receive an adjustment under §3B1.1 (Aggravating Role) and *was not* engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;

decrease the offense level determined under Chapters Two and Three by 2 levels.

*Id.* (emphasis added).

Reading the full context makes clear that the Zero-Point Offender Adjustment can only apply when the defendant has not done *any* of the things listed. If a defendant (or the crime) meets just one of the listed factors, the adjustment is not available. To be eligible, then, Mahee cannot have received an Aggravating Role Adjustment. He cannot have been engaged in a CCE. The crime of which he was convicted cannot have been a sex offense. He cannot have used violence in the commission of the crime. And so on. Since he conceded he was subject to the Aggravating Role Adjustment and the Court applied it, Mahee is not eligible for the Zero-Point Offender Adjustment.

Mahee's read of § 4C1.1(a) would treat "and" in subsection (10) to mean "but." His argument was that he is entitled to the downward adjustment because he did not *both* (1) receive an Aggravating Role Adjustment *and* (2) engage in a CCE. As two appellate courts have concluded in interpreting a very similar restriction, however, Mahee's argument would only be correct if the provision "were phrased in terms of what the government would have to prove *was* true of the defendant, but . . . the statute is phrased in terms of what the defendant must show *was not* true of him." *United States v. Draheim*, 958 F.3d 651, 657 (7th Cir. 2020) (emphasis in original) (quoting *United States v. Bazel*, 80 F.3d 1140, 1143 (6th Cir. 1996)).

5

In *Bazel*, the Sixth Circuit interpreted use of the word "and" in the safety-valve provision of the First Step Act, 18 U.S.C. § 3553(f)(4), and corresponding Guideline, § 5C1.2. 80 F.3d 1140. The relevant language in *Bazel* is effectively the same as that at issue here. Specifically, § 3553(f) provides:

> [T]he court shall impose a sentence . . . without regard to any statutory minimum sentence, if the court finds at sentencing . . . that—
>
> . . .
>
> **(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act . . . .**

(Emphasis added.)[6]

Similar to the situation here, Bazel had not been found to have participated in a CCE but did have an aggravating role. *Id.* at 1141. Bazel made the same argument that Mahee did—asserting the safety valve should be applied because he was not both (1) a leader in the offense *and* (2) engaged in a CCE. *Id.* at 1142. The appellate court rejected that argument:

> Section 3553(f) and § 5C1.2 thus require the court to make a finding *both* that the defendant was not an "organizer, leader, manager, or supervisor" *and* that the defendant was not engaged in a CCE in order to open the "safety valve." Once the district court determined that Bazel was an "organizer, leader, manager, or supervisor," it could

---

[6]    This safety-valve provision is tracked in the Guidelines. USSG § 5C1.2.

> not make one of the findings necessary to opening the
> "safety valve."

*Id.* (emphasis in original). In rejecting the same type of argument by the defendant in *Draheim*, the Seventh Circuit adopted *Bazel*'s reasoning. 958 F.3d 651.

Mahee nevertheless contended that the Court should rely on the Eleventh Circuit's opinion in *Garcon*. There, the court addressed the meaning of the word "and" in a different subsection of the safety-valve provision—§ 3553(f)(1). That section provides that the defendant is eligible for the safety valve if he does not have "(A) more than 4 criminal history points . . . ; (B) a prior 3-point offense . . . ; *and* (C) a prior 2-point violent offense." 18 U.S.C. § 3553(f)(4)(1) (emphasis added). The Eleventh Circuit held that "and" really means "and"—*i.e.*, the safety valve can be applied to the defendant unless he meets (A), (B), *and* (C). This makes sense given the structure of the provision. As *Garcon* concluded, "when 'and' is used to connect a list of requirements, the word ordinarily has a 'conjunctive' sense, meaning that all the requirements must be met." 54 F.4th at 1278 (citing *United States v. Palomar-Santiago*, ––– U.S. ––––, 141 S. Ct. 1615, 1620–21 (2021)).

Mahee argued that the Court should apply the same logic to its interpretation of subsection (10) of the Zero-Point Offender Adjustment. But this ignores the difference in structure between § 3553(f)(1) and USSG § 4C1.1(a)(10). Subsections (A), (B), and (C) in § 3553(f)(1) list one set of factors, only the full set of which will disqualify the defendant from safety-valve consideration. By

contrast, subsection (10) of § 4C1.1 (as does § 3553(f)(4)) identifies two separate role adjustments the defendant must avoid to be eligible for the Zero-Point Offender Adjustment. Section 4C1.1(a)(10) can only be properly read as allowing application of that adjustment if the defendant "did not receive" an Aggravating Role Adjustment *and* the defendant "was not engaged in" a CCE.

As the *Bazel* court explained, a defendant cannot successfully argue that he must meet all of the requirements in each subsection of § 3553(f)(1) through (5), but that he need not meet "the separate requirements of the two portions of § 3553(f)(4) separated by the word 'and.'" 80 F.3d at 1144. Similarly here, Mahee could not demonstrate entitlement to the Zero-Point Offender Adjustment by arguing that he met all of the requirements of subsections (1) through (9) but only one of two parts contained in § 4C1.1(a)(10) that are separated by the word "and."

IV.     **Conclusion**

No defendant who receives an Aggravating Role Adjustment under § 3B1.1 of the Guidelines can ever be eligible for the Zero-Point Offender Adjustment under § 4C1.1(a). For this reason, Mahee's request for application of said adjustment was denied.

**SO ORDERED** this 6th day of December, 2023.

_____
Steven D. Grimberg
United States District Judge